**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

IN RE:  VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION

MDL NO. 11-2249

---

PJC LOGISTICS, LLC,

        Plaintiff,

vs.

ANDERSON TRUCKING SERVICE, INC.; et al,

        Defendants.

Case No. 0:11-cv-00675-DWF-SER

(Transferred from District of Minnesota Civil Action No. 0:11-cv-00675)

**PLAINTIFF PJC LOGISTICS LLC'S REPLY TO COUNTERCLAIMS OF DEFENDANT LAKEVILLE MOTOR EXPRESS, INC.**

---

Plaintiff PJC Logistics, LLC ("PJC"), by and through its counsel, hereby submits this Reply in response to the Answer and Counterclaims of Lakeville Motor Express, Inc. ("Lakeville").

**COUNTERCLAIMS**

1. Defendant Lakeville Motor Express, Inc. is a corporation organized under the laws of Minnesota with its principal place of business at 500 W. County Road D, New Brighton, MN 55112.

    **ANSWER:**  Admitted.

2. On information and belief, PJC purports to be a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

1

**ANSWER:** Admitted.

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, 2202, and 35 U.S.C. §§ 1, *et seq.*

**ANSWER:** PJC admits that this Court has subject matter jurisdiction over Lakeville's Counterclaims pursuant to 28 U.S.C. §§ 2201 *et seq.,* under 28 U.S.C. §§ 1331 and 1338(a), under 28 U.S.C. § 1367(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. for this action only.

4. PJC has submitted to the personal jurisdiction of this Court.

**ANSWER:** PJC admits that it submits to the personal jurisdiction of this Court for this action only.

5. Venue is proper because PJC brought this action and consented to venue.

**ANSWER:** PJC admits that venue is proper in this District for this action only.

## COUNTERCLAIM ONE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. Lakeville repeats and re-alleges paragraphs 1-5 above as if fully set forth herein.

**ANSWER:** PJC incorporates by reference its responses to Paragraphs 1 through 5 of this Reply as though fully set forth herein.

7. PJC purports to be the assignee and lawful owner of all right, title and interest in and to the '844 Patent, entitled "Vehicle Tracking and Security System", which issued on June 29, 1993.

**ANSWER:** PJC admits that it is the assignee and lawful owner of all right, title, and interest in and to the '844 Patent entitled "Vehicle Tracking and Security System", which issued on June 29, 1993.

8. PJC has sued Lakeville in the present action, alleging infringement of the '844

Patent. Thus, an immediate, real, and justiciable controversy exists between Lakeville and PJC with respect to the alleged infringement of the '844 Patent.

**ANSWER:** PJC admits that is has sued Lakeville alleging infringement of the '844 Patent. PJC further admits that there is an actual, immediate and justiciable controversy between Lakeville and PJC as Lakeville's infringement of the '844 Patent.

9. Lakeville does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '844 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

**ANSWER:** Denied.

10. No claim of the '844 Patent can validly be construed to cover any product made, used, sold, offered for sale, or imported by Lakeville.

**ANSWER:** Denied.

11. Lakeville requests a declaratory judgment that Lakeville does not infringe, directly or indirectly, any claim of the '844 Patent.

**ANSWER:** PJC denies that Lakeville is entitled to any such judgment and denies the merits of these counterclaims.

**COUNTERCLAIM TWO**
**DECLARATORY JUDGMENT OF INVALIDITY**

12. Lakeville repeats and re-alleges paragraphs 1-5 above as if fully set forth herein.

**ANSWER:** PJC incorporates by reference its responses to Paragraphs 1 through 5 of this Reply as though fully set forth herein.

13. An immediate, real, and justiciable controversy exists between Lakeville and PJC with respect to the invalidity of the '844 Patent.

**ANSWER:** PJC admits that there is an actual, immediate and justiciable controversy between Lakeville and PJC as to the validity of the '844 Patent but PJC otherwise denies the allegations in paragraph 13.

14.     The '844 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 305.

**ANSWER:** Denied.

15.     Lakeville requests declaratory judgment that the '844 Patent is invalid.

**ANSWER:** PJC denies that Lakeville is entitled to any such relief and further denies the allegations in paragraph 15.  Denied as to the merits of the counterclaims.

## PRAYER FOR RELIEF

PJC denies that Lakeville is entitled to any of the relief sought against PJC in its Prayer for Relief and Counterclaims.  In addition, to the extent necessary, PJC generally denies any allegation in the counterclaims not specifically admitted above, and PJC re-alleges infringement, validity, enforceability, and damages, and denies any allegations in the counterclaim adverse to the same.

PJC denies that Lakeville is entitled to any of the relief sought against PJC in Lakeville's Counterclaims.

WHEREFORE, in addition to the relief requested in its Complaint, Plaintiff PJC respectfully prays that this Court:

A.     Dismiss Lakeville's Counterclaims in their entirety with prejudice with respect to PJC, with Lakeville taking nothing thereby;

B.     Deny all of Lakeville's Counterclaims against PJC;

    C.    Award PJC its costs and attorneys' fees incurred in defending against these Counterclaims; and

    D.    Award PJC any and all further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: November 8, 2011

/s/ Steven R. Daniels  
Steven R. Daniels  
(*Admitted Pro Hac Vice*)  
Texas State Bar No. 24025318  
Farney Daniels LLP  
800 S. Austin Ave., Suite 200  
Georgetown, TX  78626  
Telephone: (512) 582-2828  
Facsimile: (512) 582-2829  
E-mail: sdaniels@farneydaniels.com

**Attorneys for Plaintiff**  
**PJC Logistics, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing PLAINTIFF PJC LOGISTICS, LLC's REPLY TO COUNTERCLAIMS OF DEFENDANT LAKEVILLE MOTOR EXPRESS, INC. was served upon the counsel of record by electronically filing the document with the Clerk of the Court through the Electronic Filing System on the 8th day of November, 2011.

/s/ Steven R. Daniels  
Steven R. Daniels